Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| BANCO DE DESARROLLO ECONÓMICO PARA PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>GARNET CAPITAL ADVISORS, LLC; PARLIAMENT CAPITAL MANAGEMENT LLC; **PR RECOVERY AND DEVELOPMENT, REO, LLC**; **PR RECOVERY AND DEVELOPMENT, JV, LLC** | KLCE202500493 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.: SJ2019CV11697 (603)<br><br>Sobre: Sentencia Declaratoria; Nulidad de Contrato; Restitución de Prestación; Daños; Cumplimento Específico; Resolución de Contrato; Incumplimiento de Contrato; Mala Fe Contractual; Interferencia Torticera; Dolo; Actos Propios |

Panel integrado por su presidente, el juez Bonilla Ortiz[1], la jueza Álvarez Esnard y la jueza Martínez Cordero[2].

Álvarez Esnard, jueza ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de mayo de 2025.

Comparece ante nos PR Recovery and Development; REO, LLC y Recovery and Development, JV, LLC ("conjuntamente PR Recovery" o "los Peticionarios"), mediante *Recurso de Certiorari* presentado el 5 de mayo de 2025. Nos solicita la revocación de la *Orden Enmendada* emitida y notificada el 30 de abril de 2025 por el Tribunal de Primera Instancia, Sala Superior de San Juan ("foro primario" o "foro *a quo*"). Por virtud de esta, el foro primario ordenó

---

[1] Mediante Orden Administrativa OATA-2022-124 se designó al Hon. Fernando Bonilla Ortiz en sustitución de la Hon. Grisel M. Santiago Calderón.

[2] Mediante Orden Administrativa OATA-2023-001 se designó a la Hon. Beatriz M. Martínez Cordero en sustitución de la Hon. Olga E. Birriel Cardona.

Número Identificador

SEN(RES)2025_____

a los Peticionarios a entregar información relacionada con la cartera de préstamo objeto de la controversia de epígrafe y, a su vez, ordenó que las partes coordinaran de buena fe la forma y manera en que la parte demandante en el pleito, el Banco de Desarrollo Económico para Puerto Rico ("Banco" o "Recurrido"), tendría acceso a la aludida información de los préstamos.

Por los fundamentos que expondremos a continuación, **denegamos** el presente recurso.

## I.

Surge del expediente que, el 3 de marzo de 2020, el Banco presentó *Demanda Enmendada Jurada* sobre sentencia declaratoria, nulidad de contrato, restitución de prestación y daños contra Garnet Capital Advisors, LLC; Parliament Capital Management, LLC y PR Recovery.[3] En esencia, el Recurrido solicitó, entre otros remedios, la nulidad de la venta de la cartera de préstamos a los Peticionarios y, consecuentemente ordenar a PR Recovery a devolver dicha cartera de préstamos o en su defecto, pagar una suma no menor al valor del principal no pagado al momento de la transacción entre las partes.

Tras varias incidencias procesales, el 3 de octubre de 2024 y el 13 de noviembre del mismo año se llevaron a cabo dos (2) vistas transaccionales.[4] Particularmente, en la vista llevada a cabo el 13 de noviembre de 2025, las partes acordaron un plan de trabajo y calendarizaron algunas fechas para la continuación de los procedimientos.[5] Posteriormente, el 8 de abril de 2025, el Banco presentó *Moción Solicitando Inspección de Documentos para Someter Contraoferta Transaccional.*[6] Mediante esta, el Recurrido explicó que las partes se encontraban en conversaciones transaccionales y que

---

[3] Véase, Apéndice del Recurso, pág. 1-3. La *Demanda* original que dio inicio a este caso se presentó el 7 de noviembre de 2019, véase, SUMAC, Entrada 1.
[4] *Íd.*, págs. 1103-1104; págs. 1111-1113.
[5] *Íd.*, pág. 1112.
[6] *Íd.*, págs. 1114-1116.

el 8 de noviembre de 2024, habían recibido una oferta transaccional por parte de PR Recovery. Adujo que en la vista celebrada el 13 de noviembre de 2024, el foro primario, en reconocimiento del cambio de gobierno y de la composición de la Junta de Directores del Banco, ordenó a que la representación legal de los Peticionarios, notificara a la nueva Junta del Banco la aludida oferta. Alegó que, tras constituirse la nueva composición gerencial del Banco, esta solicitó que, con miras a comunicar una respuesta informada y responsable sobre el asunto, necesitaba evaluar el estado actual de la cartera de préstamo en controversia. Por consiguiente, solicitó que se ordenara a PR Recovery a suministrar información relacionada al comportamiento de los préstamos para llevar a cabo una evaluación con el fin de lograr una transacción.

En respuesta a esta solicitud, el 28 de abril de 2025, PR Recovery presentó *Oposición a Moción Solicitando Inspección de Documentos.*[7] En esta, arguyó que la solicitud del Banco no era un mero requerimiento para inspeccionar documentos, sino que en realidad lo que se le estaría solicitando a los Peticionarios sería compilar información de más de once mil (11,000) préstamos para una entrega ordenada y, a su vez, obtener información confidencial de negocio. Agregó que conocer el estado actual de la cartera de préstamo en nada ayudaría al Banco a evaluar la oferta transaccional ofrecida o a formular una contraoferta.

Tras llevarse a cabo una vista de estado de procedimientos, el 30 de abril de 2025, el foro primario emitió Orden Enmendada.[8] En esta, el foro *a quo* dispuso lo siguiente:

> Se le ordena a las partes demandadas (PR Recovery and Development, REO, LLC y PR Recovery and Development, JV, LLC) que, en o antes del 5 de mayo de 2025, entreguen la información relacionada al estatus o comportamiento de la cartera de préstamos objeto de

---

[7] *Íd.*, págs. 1117-1120.
[8] *Íd.*, págs. 1124-1132. La aludida *Orden Enmendada* se enmendó con el único propósito de incluir la firma digital del juez.

este litigio, la cual la componen el Pool 1a, Pool 1b, Pool 2 y Pool 3, o permitan el acceso e inspección de dicha cartera de préstamos. La parte demandante y las partes demandadas (PR Recovery and Development, REO, LLC y PR Recovery and Development, JV, LLC) coordinarán, de buena fe y sin ningún tipo de traba, la forma y manera en que la parte demandante tendrá acceso a la información relacionada al estatus o comportamiento de la cartera de préstamos (cobro, planes de pago e intereses). Se ordena que esta información sea manejada solo por los representantes que las partes designen y sus abogados.[9]

En desacuerdo con este dictamen, 2 de mayo de 2025, los Peticionarios presentaron *Urgente Moción de Reconsideración*.[10] En esta, esbozó que la *Orden Enmendada* fue emitida mediando un craso abuso de discreción. Argumentaron que, igualmente, la determinación del foro *a quo* no siguió los propósitos que orientan el descubrimiento de prueba, la producción de información y documentación impertinente. Finalmente, puntualizó que el Banco incumplió con los requisitos para solicitar una orden de producción al foro primario. Ese mismo día, el foro *a quo* declaró *Sin Lugar* la reconsideración instada por los Peticionarios.[11]

Inconforme aun, el 5 de mayo de 2025, los Peticionarios presentaron el recurso de epígrafe y formularon el siguiente señalamiento de error.

Erró el Tribunal de Primera Instancia al ordenar – en craso abuso de su discreción- a PR Recovery a producir información y documentación sobre 11,000 préstamos en un término de dos días laborables.

Acompañó su petición de escrito, con una *Moción en Auxilio de Jurisdicción.* A esos fines, solicitó que se paralizaran los procedimientos hasta tanto esta *Curia* dispusiera del recurso de epígrafe. El 7 de mayo de 2025, esta Curia emitió *Resolución,* en la que declaró *No Ha Lugar* la solicitud en auxilio de jurisdicción. Además, se le concedió hasta el 15 de mayo 2025 para que el

---

[9] *Íd.*, pág. 1132.
[10] *Íd.*, págs. 1133-1144.
[11] *Íd.*, págs. 1149-1152.

Recurrido presentara su oposición al recurso. Así pues, el 15 de mayo de 2025, el Banco presentó *Moción de Desestimación del Recurso de Certiorari por falta de Jurisdicción de conformidad a los establecido en la Regla 83 (B) (1) del Reglamento del Tribunal de Apelación.*

Por su parte, el 19 de mayo de 2025, los Peticionarios presentaron *Moción Informativa sobre intención de presentar Oposición a Moción de Desestimación,* mediante la cual solicitaron hasta el 26 de mayo de 2025  para presentar escrito oponiéndose a la solicitud de desestimación presentada por el Banco. Evaluado este escrito, el 20 de mayo de 2025, esta Curia emitió *Resolución* y se le concedió a los Peticionarios hasta el 27 de mayo de 2025 para que presentaran su posición en cuanto a la moción de desestimación. Oportunamente, el 22 de mayo de 2025, los Peticionarios presentaron *Oposición a Moción de Desestimación del DBE.* De otro lado, el 23 de mayo de 2025, los Peticionarios presentaron *Segunda Solicitud Urgente en Auxilio de Jurisdicción,* la cual declaramos *No Ha Lugar* el 27 de mayo de 2025. Con el beneficio de la comparecencia de las partes, procedemos a exponer la normativa jurídica aplicable al caso ante nuestra consideración

## II.
### *A. Certiorari*

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.*, 203 DPR 708, 718 (2019). "El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior". *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023). Véase, además, *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, establece que el recurso de *certiorari* solo se expedirá cuando se recurra de (1) una resolución u orden sobre remedios provisionales o *injunction* o (2) la denegatoria de una moción de carácter dispositivo. Por excepción, se puede recurrir también de: (1) decisiones sobre la admisibilidad de testigos o peritos; (2) asuntos de privilegios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia, o (4) en casos que revistan interés público. *Íd.* De igual manera, puede revisarse "cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia". *Íd.* Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni en ausencia de parámetros. *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023). La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari*. *Íd.* Estos criterios son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction, supra*, págs. 712-713. No obstante, "[a]l denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión". 32 LPRA Ap. V, R. 52.1.

### B. Manejo del Caso

El efectivo funcionamiento de nuestro sistema judicial, y la rápida disposición de los asuntos litigiosos, requieren que los jueces de instancia tengan gran flexibilidad y discreción para lidiar con el diario manejo y tramitación de los asuntos judiciales. *BPPR v. SLG Gómez-López*, 213 DPR 314, 333-334, (2023) citando a *In re Collazo I*, 159 DPR 141, 150 (2003). Es por ello, que a éstos se les ha reconocido poder y autoridad suficiente para conducir los asuntos litigiosos ante su consideración y para aplicar correctivos apropiados en la forma y manera que su buen juicio les indique. *Íd.*

Cónsono con lo anterior el Tribunal de Primera Instancia tiene el deber ineludible de garantizar que los procedimientos se ventilen sin demora, con miras a que se logre una justicia rápida y eficiente. *In re Pagani Padró*, 181 DPR 517, 529 (2011). Como regla general, los foros revisores no intervendrán con el manejo del caso ante la consideración del foro primario. Siendo así, el Tribunal Supremo ha manifestado, que los tribunales apelativos no deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción, o que incurrió en error manifiesto. *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018). El ejercicio adecuado de la discreción judicial se relaciona de

manera estrecha con el concepto de razonabilidad. *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**III.**

En el presente recurso los Peticionarios solicitan nuestra intervención para que revoquemos la *Orden Enmendada* dictada y notificada por le foro primario el 30 de abril de 2025. Por su parte, el Recurrido solicitó la desestimación del caso al amparo de la Regla 83 (B) (1) del Reglamento del Tribunal de Apelaciones, *supra* y, de igual forma, nos solicitó que denegáramos el auto de *certiorari* solicitada. Tras examinar, la solicitud de desestimación y su oposición, declaramos la misma *No Ha Lugar*, toda vez que el Recurrido no logró demostrar que careciéramos de jurisdicción para considerar el recurso.

Ahora bien, tras haber expuesto el marco jurídico y ponderados los argumentos presentados por los Peticionarios, resolvemos que no se han producido las circunstancias que exijan nuestra intervención en esta etapa de los procedimientos. Al amparo de los criterios que guían nuestra discreción no intervendremos en la determinación recurrida emitida por el foro primario como parte del manejo del caso ante su consideración. En el presente caso, el foro primario emitió una determinación discrecional y en ausencia de abuso de discreción, este foro no debe intervenir con las determinaciones del foro primario.

En armonía con lo anterior, los Peticionarios no han demostrado que el foro de instancia se excedió en el ejercicio de su discreción, ni que erró en la interpretación del derecho. Tampoco constató que el abstenernos de interferir en la determinación recurrida constituiría un fracaso irremediable de la justicia en esta etapa de los procesos, procede que se deniegue el recurso de *certiorari* de epígrafe. Por lo cual, no intervendremos con la determinación discrecional del foro primario por tratarse de un

asunto de manejo del caso, por lo cual no cumple con lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

**IV.**

Por los fundamentos expuestos, **denegamos** la expedición del auto de *certiorari.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones